IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TROY STEWART                          :

   v.                                 :   Civil Action No. DKC 11-3605

MORGAN STATE UNIVERSITY et al.        :

**MEMORANDUM OPINION**

Presently pending and ready for review in this breach of contract and civil rights case are the motions to dismiss filed by Defendants Morgan State University, Warren Hayman, Benjamin Welsh, Martin Resnik, T. Joan Robinson, and Dallas Evans. (ECF Nos. 10 & 19). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motions to dismiss will be granted in part and denied in part.

**I.  Background**

   **A.  Factual Background**

In the spring of 2010, Plaintiff was enrolled in the School of Graduate Studies at Morgan State University to obtain an Ed.D. degree in Urban Educational Leadership. To this end, he enrolled in core curricular classes and attempted to complete a required internship during the spring semester with Defendant Dr. Benjamin Welsh. At the outset of the internship, Dr. Welsh and Plaintiff both signed a "Statement of Agreement" that

outlined the objectives of the internship. (ECF No. 12-2, at 1-2).[1] Email correspondence shows that some weeks into the semester, their relationship began to break down. After an email exchange in which Plaintiff proposed reworking the internship requirements, Dr. Welsh offered a series of steps for Plaintiff to take to receive a passing grade. In this email Dr. Welsh wrote, "This is my final offer. No further negotiation is possible. Take it or leave it. . . It is in your best interest to keep your mouth shut from now on and not try to change the goals and objectives again." (ECF No. 12-4, at 10). Ultimately Plaintiff did not complete the work required and received a grade of incomplete for the internship.

Plaintiff also wrote at least two papers for Dr. Welsh's courses. Plaintiff was not happy with his grades or the feedback he received from Dr. Welsh. Specifically, in response to a paper that Plaintiff wrote about his educational history, Dr. Welsh commented that "it is founded on the premise that

---

[1] In considering this motion to dismiss, the court relies on email correspondence and other documents that Plaintiff attaches to his opposition brief that are referenced in the complaint and central to all claims. Where appropriate, courts may allow "consideration of matters incorporated by reference or integral to the claim," including documents attached to a non-moving party's opposition to a motion to dismiss, without converting it into a motion for summary judgment. *See El-Amin v. Blom*, No. 11-3424, 2012 WL 2604213, at *1 n. 1 (D.Md. July 5, 2012) (citations omitted) (considering documents attached by pro se plaintiff to his opposition to defendants' motion to dismiss without converting to motion for summary judgment).

you[r] past was 'normal' and 'average' and therefore not worth mentioning . . . the fact that 'every family member before [you] had attended and graduated college' makes you *unusual*!" (ECF No. 12-3, at 1). Plaintiff received grades of C in each of the classes. Dr. Welsh offered for Plaintiff to rewrite the papers to improve his grades. As part of this offer, he required Plaintiff to review the papers with him and "generate questions and theories as to why you got the grade that you got." (ECF No. 12-4, at 23). Plaintiff ultimately decided to appeal his grades to the appropriate deans at the school. These appeals were denied, and Plaintiff was put on academic probation and ultimately removed from the school. Plaintiff alleges that after he appealed the grades and asserted to school administrators that his First and Fourteenth Amendment rights had been violated, his grade for the internship was changed to an F. Plaintiff also alleges that Dr. Welsh threatened him verbally and physically.

Plaintiff also filed a complaint with the Equal Employment Opportunity Commission. The EEOC made no findings and issued him a right to sue letter on October 12, 2011.

**B. Procedural Background**

Plaintiff filed a complaint on December 15, 2011 against Morgan State University; Benjamin Welsh, associate professor in the Urban Educational Leadership Doctoral Program; Dallas Evans

3

and Martin Resnik, members of Morgan State's Board of Regents; Warren Hayman, interim coordinator of the Urban Educational Leadership Doctoral Program; Joan Robinson, Provost and Vice President for Academic Affairs; and David Wilson, President.[2] (ECF No. 1). Plaintiff has not yet served Defendant Evans in his individual capacity. Plaintiff's complaint alleges counts for employment discrimination and retaliation under Title VII of the Civil Rights Act of 1964; violation of constitutional rights under 42 U.S.C. § 1983; and breach of contract. On March 1, 2012, some of the Defendants moved to dismiss the complaint. (ECF No. 10). Plaintiff opposed this motion. (ECF No. 12).

**II. Standard of Review**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). Accordingly, the court must consider all well-pleaded allegations in a complaint as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff, *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). The court need not take everything as true, however.

---

[2] It is unclear whether David Wilson has been served, but the rulings included in this memorandum opinion and order will apply to him with equal force.

4

For instance, the court need not accept unsupported legal allegations. *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989). Nor must it agree with legal conclusions couched as factual allegations, *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). And if the properly considered facts show nothing more than the "mere possibility of misconduct," the complaint should not survive a Rule 12(b)(6) motion. *Iqbal*, 556 U.S. at 679 (quotation marks omitted).

Plaintiff's complaint must be construed liberally because he is proceeding *pro se*. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Liberal construction means the court will read the pleadings to state a valid claim to the extent it is possible to do so from the facts available; it does not mean that the court should rewrite the complaint to include claims never presented. *Barnett v. Hargett*, 174 F.3d 1128, 1132 (10th Cir. 1999). In other words, even when *pro se* litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

At this stage, the court focuses on the facts in the complaint and the documents attached to the complaint. *Abadian v. Lee*, 117 F.Supp.2d 481, 485 (D.Md. 2000). In addition, the

court may consider documents referred to and relied upon in the complaint — "even if the documents are not attached as exhibits." *Fare Deals Ltd. v. World Choice Travel.com, Inc.*, 180 F.Supp.2d 678, 683 (D.Md. 2001); *accord New Beckley Mining Corp. v. Int'l Union, United Mine Workers of Am.*, 18 F.3d 1161, 1164 (4th Cir. 1994).

**III. Analysis**

    **A.   Title VII Claims**

Defendants argue that the Eleventh Amendment entitles them to immunity for Plaintiff's discrimination and retaliation claims, and that, in any event, the complaint fails to state a claim under Title VII because Plaintiff was not an employee of Morgan State. Plaintiff argues that sovereign immunity is abrogated by Title VII, that he was an employee of Morgan State, and that Title VII applies because he was enrolled in a training program.

    **1.   Sovereign Immunity**

"The Supreme Court has held that, in enacting Title VII, Congress properly abrogated the states' Eleventh Amendment immunity for such suits." *Stewart, Jr. v. Va. Com. Univ.*, 414 F.App'x 555, 556 (4th Cir. 2011) (citing *Fitzpatrick v. Bitzer*, 427 U.S. 445, 456–57 (1976) (holding that Title VII of the Civil Rights Act of 1964 abrogates the states' Eleventh Amendment immunity)). Therefore, Defendants are not entitled to immunity.

6

2.  **Failure to State a Claim**

Defendants argue that Plaintiff's Title VII claims must be dismissed because Plaintiff is a student of Morgan State, not an employee.  A graduate student completing coursework can also be an employee for purposes of Title VII.  *See, e.g.*, *Nigro v. Va. Com. Univ./Med. Coll. of Virginia*, No. 10-2425, 2012 WL 2354635, at *10 (4th Cir. June 21, 2012) (reviewing Title VII claims of a medical resident); *see also Herron, v. Va. Com. Univ.*, 366 F.Supp.2d 355, 364 (E.D.Va. 2004) (analyzing Title VII claims of former nursing graduate student working in academic setting); *Mandsager v. Univ. of N.C. at Greensboro*, 269 F.Supp.2d 662, 672-74 (M.D.N.C. 2003) (analyzing graduate student's Title VII claims where student also served as research assistant); *Bucklen v. Rensselaer Polytechnic Inst.*, 166 F.Supp.2d 721, 725 (N.D.N.Y. 2001) (acknowledging "the unique dual role of graduate students, as potentially both students and employees"); *MacArthur v. Ramsey Havenwyck, Inc.*, No. 262600, 2005 WL 2758006, at *1 (Mich.App. Oct. 25, 2009) (finding a contract for hire to be established "where there is an exchange of services for training or college credits toward graduation . . . accordingly, [plaintiff's] internship qualifies as a contract for hire"); *cf. Stilley v. Univ. of Pittsburgh of Com. Sys. of Higher Educ.*, 968 F.Supp. 252, 261 (W.D.Pa. 1996) (refusing to consider, for purposes of Title VII summary judgment analysis,

"issues pertaining to the completion of plaintiff's dissertation [that] relate to plaintiff's role as a student and not as an employee," but analyzing Title VII claims related to work done as an employee-researcher under professor's supervision).

Here, Plaintiff alleges that his work as an intern was to research grants for Morgan State. This work was on behalf of, and to benefit Morgan State University. Therefore, it cannot be said at this stage that, as a matter of law, Plaintiff was not Morgan State's employee for purposes of Title VII.[3]

**B. Breach of Contract**

Plaintiff argues that he signed a contract with Dr. Welsh that memorialized an agreement for Plaintiff to search and identify state grants for Morgan State. (ECF No. 12-1).

---

[3] Plaintiff alleges that 42 U.S.C. § 2000e-2(d) also protects him from discrimination. This section provides that:
> It shall be an unlawful employment practice for any employer, labor organization, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs to discriminate against any individual because of his race, color, religion, sex, or national origin in admission to, or employment in, any program established to provide apprenticeship or other training.

*Id.* This section of Title VII simply provides that "[t]raining is a benefit of employment that receives protection under Title VII." *LaGrande v. DeCrescente Distrib. Co., Inc.*, 370 F.App'x 206, 211 (2[d] Cir. 2010) (citing 42 U.S.C. § 2000e-2(d)). It does not eliminate the requirement that Morgan State be Plaintiff's employer for purposes of the statute.

8

Defendants contend that because Morgan State University is a public institution, they are entitled to sovereign immunity on Plaintiff's breach of contract claims. While the State of Maryland has waived its sovereign immunity for certain breach of contract cases brought in State courts, *see* Maryland Code Ann., State Gov't § 12-201, the Legislature did not "waive the State's Eleventh Amendment immunity in [contract] actions in Federal court." *State v. Sharafeldin*, 382 Md. 129, 149 (2004).

"The Eleventh Amendment secures the states' immunity from private suits for monetary damages filed in federal court." *Neinast v. Tx.*, 217 F.3d 275, 280 (5th Cir. 2000). Eleventh Amendment immunity, however, is not a bar to non-monetary, prospective injunctive relief or the fees and costs involved in obtaining such relief. *Gray v. Laws*, 51 F.3d 426, 430 n. 1 (4th Cir. 1995) (citing *Edelman v. Jordan*, 415 U.S. 651, 664-68 (1974) for the proposition that a claim for prospective injunctive relief may proceed even when damages claims are dismissed based on immunity). To the extent that Plaintiff seeks monetary relief for breach of contract, those claims will be dismissed. Plaintiff's breach of contract claims that seek prospective injunctive relief, in the form of injunctions reviewing and expunging Plaintiff's record in classes with Dr. Welsh at Morgan State, will not be dismissed.

### C. Individual Defendants

Defendants aver that the entire suit must be dismissed with regard to the individual defendants, because Title VII claims against individual defendants in their individual capacities must be dismissed. Plaintiff argues that he alleged violations of his constitutional rights pursuant to 42 U.S.C. § 1983, and that individual defendants are not entitled to immunity on those claims and cannot be dismissed.

Supervisors are not liable in their individual capacities for violations of Title VII. *Luy v. Baltimore Police Dept.*, 326 F. Supp. 2d 682, 688 (D.Md. 2004), *aff'd*, 120 F.App'x. 465 (4th Cir. 2005). In appropriate circumstances, however, individuals are subject to liability under 42 U.S.C. § 1983. *See Cloaninger ex rel. Estate of Cloaninger v. McDevitt*, 555 F.3d 324, 330 (4th Cir. 2009) ("Qualified immunity, *when found to apply*, bars § 1983 suits against government officers in their individual capacity.") (emphasis added). Therefore, while Title VII claims against the individual defendants will be dismissed, the remaining claims will not.

### IV. Conclusion

For the foregoing reasons, the motions to dismiss filed by Defendants Morgan State University, Warren Hayman, Benjamin Welsh, Martin Resnik, T. Joan Robinson, and Dallas Evans (ECF

10

Nos. 10 and 17) will be granted in part and denied in part. A separate order will follow.

```
                            /s/
```
DEBORAH K. CHASANOW
United States District Judge